UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

|  |  |
|---|---|
| In re:<br><br>POST OAK TX, LLC,<br><br>　　　　　Debtor.[1] | Chapter 11<br><br>Case No. 21-18563-EPK |

**DEBTOR'S SECOND MOTION TO EXTEND (I) EXCLUSIVITY PERIODS UNDER 11 U.S.C. §1121; (II) PLAN DEADLINE; AND (III) DEADLINE TO CHALLENGE RIALTO LIEN**

**(Hearing Requested on January 26, 2022 at 1:30 pm)**

The Debtor, through undersigned counsel, pursuant to 11 U.S.C. § 1121 and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully requests the entry of an order extending (i) the exclusivity periods under 11 U.S.C. § 1121 for the Debtor to file and solicit acceptances of a plan, (ii) the deadline to file a plan and disclosure statement; and (iii) the deadline to challenge Rialto's lien, for approximately three additional weeks, and in support thereof states as follows:

**Background**

1. On August 31, 2021, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned case before the United States Bankruptcy Court for the Southern District of Florida.

2. The Debtor is operating its business and managing its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's tax identification number are 2544.

3. Since 2010, the Debtor has been the sole owner of the Hilton Houston Post Oak Hotel (the "Hotel") located in Houston, Texas. The Hotel consists of fourteen stories, 448 rooms (27 suites), 29,855 square feet of meeting space, 18 meeting rooms, 345 covered parking spaces, a fitness center, an outdoor deck pool, and a business center. It is located at the Galleria Shopping Mall in Houston, one of the largest malls in the United States.

4. The Hotel is managed by Hilton Management LLC ("Hilton") pursuant to the terms of a March 1, 2005 Management Agreement, as amended.

5. RSS JPMBB2014-C25 - TX POT, LLC, an affiliate of Rialto Capital Advisors, LLC ("Rialto"), filed a proof of claim in which it asserted a claim in the amount of $99,672,245.21, secured by a first lien on all of the assets of the bankruptcy estate.

6. On October 7, 2021, the Court entered an order setting December 30, 2021 as the deadline for the Debtor to file its plan and disclosure statement. *See* DE 87.

7. On December 3, 2021, the Court entered its Fourth Interim (I) Authorizing Use of Cash Collateral (For December 2021) Pursuant to 11 U.S.C. § 363, (II) Providing Secured Lender Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (III) Scheduling Further Interim Hearing (the "Fourth Cash Collateral Order," DE 119). The Fourth Cash Collateral Order set a deadline of December 31, 2021 for the Debtor to challenge the validity or priority of the Rialto lien.

8. Pursuant to 11 U.S.C. § 1121, the exclusive periods for the Debtor to file and solicit acceptances of a plan was originally December 29, 2021 and February 28, 2022 respectively.

9. On December 27, 2021, the Court entered an Order Granting Debtor's Motion to Extend (I) Exclusivity Periods Under 11 U.S.C. § 1121; (II) Plan Deadline and (III) Deadline to Challenge Rialto Lien ("First Extension Order," DE 127). The First Extension Order extended (i)

the exclusive periods for the Debtor to file and solicit acceptances of a plan to January 31, 2022 and March 31, 2022 respectively; (ii) the deadline for the Debtor to file a plan and disclosure statement to January 31, 2022; and (iii) the deadline to challenge the priority and validity of the lien asserted by Rialto to January 31, 2022.

10. On December 27, 2021, the Court also entered its Fifth Interim (I) Authorizing Use of Cash Collateral (For January 2022) Pursuant to 11 U.S.C. § 363, (II) Providing Secured Lender Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (III) Scheduling Further Interim Hearing (the "Fourth Cash Collateral Order," DE 119). The Fifth Cash Collateral Order also set a deadline of January 31, 2022 for the Debtor to challenge the priority and validity of the lien asserted by Rialto.

**Relief Requested**

By this Motion, the Debtor requests that the Court (i) extend the exclusivity periods under 11 U.S.C. § 1121 to file and solicit acceptances of a plan until February 23, 2022 and April 24, 2022 respectively, (ii) extend the deadline for the Debtor to file a plan and disclosure statement until February 23, 2022, and (iii) extend the deadline for the Debtor to challenge Rialto's lien until February 23, 2022.

**Argument**

The Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan. *See* 11 U.S.C. § 1121(b) ("Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."). The Bankruptcy Code further provides that if a debtor files a plan within that 120-day period, it has a 180-day period from the petition date to solicit acceptance of its plan. 11 U.S.C. § 1121(c)(3).

Pursuant to Section 1121(d) of the Bankruptcy Code, the Bankruptcy Court may extend these exclusive periods "for cause." *See* 11 U.S.C. § 1121(d) ("[O]n the request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.")

Although the Bankruptcy Code does not define the term "cause" for purposes of Section 1121(d) or establish formal criteria for an extension of the exclusive periods, bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs. *See In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 63, 372 (5th Cir. 1987) (noting that the meaning of "cause" under Section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643 (B.A.P. 8th Cir. 2003) (same); *Matter of Homestead Partners, Ltd.*, 197 B.R. 706, 720 (Bankr. N.D. Ga. 1996) (same).

To determine whether cause exists to extend exclusivity, courts examine a variety of factors including: (1) the size and complexity of the case; (2) the necessity of sufficient time to negotiate and prepare adequate information; (3) the existence of good faith progress towards reorganization; (4) whether the debtor is paying its debts as they come due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress negotiating with creditors; (7) the length of time the case has been pending; (8) whether the debtor is seeking an extension of time to pressure creditors; and (9) whether unresolved contingencies exist. *In re Friedman's, Inc.* 356 B.R. 758, 888 (Bankr. S.D. Ga. 2005).

As noted, the Court previously extended the exclusivity periods to file and solicit acceptances of a plan to January 31, 2022 and March 31, 2022 respectively, or about a one month

extension. Here, cause exists to extend the exclusivity periods for an additional, approximate three weeks. On January 18, 2022, the Debtor and Rialto participated in a second judicial settlement conference with Judge Russin in an effort to resolve their issues and put the Debtor in a position of filing a consensual plan. The parties did not settle, but an impasse was not reached. Instead, the judicial settlement conference was continued to February 8, 2022.

The purpose of the extension of exclusivity is to avoid the commencement of significant litigation between the Debtor and Rialto as they try to reach a settlement. Rialto consents to the extension, and thus, the extension is not being sought to pressure Rialto. Furthermore, there is no harm to the estate in extending the exclusivity periods, since the Debtor is staying current on its obligations, as reflected by the cash collateral budgets and monthly operating reports filed in the case. Further still, the extension sought is only for approximately three weeks, until February 23, 2022 to file a plan and April 24, 2022 to solicit acceptances of a plan.

These same reasons justify an extension of the deadlines to file a plan and disclosure statement to February 23, 2022, and to challenge Rialto's lien until February 23, 2022. Rialto has consented to these extensions as well.

**WHEREFORE**, the Debtor respectfully request the entry of an order extending (i) the exclusive periods for it to file a plan and solicit acceptances of a plan until February 23, 2022 and April 24, 2022 respectively, (ii) the deadline for it to file a plan and disclosure statement until February 23, 2022, and (iii) the deadline to challenge Rialto's lien until February 23, 2022, and for such other and further relief as the Court deems just.

<div style="display:flex;justify-content:space-between;">
<div>Dated: January 20, 2022</div>
<div>Respectfully submitted,</div>
</div>

/s/ Andrew D. Zaron
Andrew D. Zaron, Esq.
Fla. Bar No. 965790
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Tel: 305.740.1975
Email: azaron@leoncosgrove.com
*Counsel to Debtor-in-Possession*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 20, 2022, a true and correct copy of the foregoing was filed electronically and was served by CM/ECF on the attached CM/ECF list, and by E-Mail and U.S. Mail on the parties on the attached service list.

<div style="text-align:right">

By: *s/ Andrew D. Zaron*
Andrew D. Zaron

</div>

## Service List

**Via E-mail:**

Sean B. Davis on behalf of Creditor RSS JPMBB2015-C25 - TX Pot, LLC d/b/a Rialto Capital Advisors, LLC  sbdavis@winstead.com

Heidi Feinman on behalf of US Trustee  Heidi.A.Feinman@usdoj.gov

Dan L. Gold on behalf of US Trustee  Dan.L.Gold@usdoj.gov

Robert E. Richards on behalf of Hilton Management, LLC,  robert.richards@dentons.com

Paige N. Topper on behalf of Debtor  ptopper@morrisnichols.com

Robert J. Dehney on behalf of Debtor  rdehney@morrisnichols.com

W. Steven Bryant on behalf of RES/VLS Real Estate Limited Partnership  sbryant@lockelord.com

Maggie E. Lara on behalf of Wilson Fire Equipment   MELara@wilsonfire.com

Chad Touqan on behalf of Venice Flooring & Remodeling   chad@vfrtexas.com

John Baumgardner on behalf of Ace Parking Management    jbaumgardner@aceparking.com

Veronica Whitaker on behalf of Sysco Food Services of Houston  veronica.whitaker@sysco.com

Tom Goldberg on behalf of Guest Supply Inc.    tgoldberg@guestsupply.com

Alexandra Woolsey on behalf of Amadeus Hospitality Americas, Inc.  alexandra.woolsey@amadeus.com

Elisa Cruz on behalf of Ryan LLC    Elisa.Cruz@ryan.com

Anica Hershey on behalf of Safe Step Inc.    Anica.hershey@safestep.com

Melissa Lallas on behalf of LG Fulfilment    melissa.lallas@lge.com

Accounting Collections Specialist on behalf of D2R Linen    mphuong@d2rlineninc.com

Scott Ball on behalf of Encore    scott.ball@encoreglobal.com

Account Manager on behalf of Cvent    Shookey@cvent.com

Accounting and Collections Representative on behalf of Allbridge    kstrong@allbridge.com

Manager, Display Sales on behalf of Travelscape   klug@expediagroup.com

Rick Bradley on behalf of Luminant Energy Company Rick.Bradley@luminant.com

Cindy Ray on behalf of 1900 WLS – RE LP Cindy.Ray@transwestern.com

Luis Carlos de la Cruz Castro on behalf of Johnson Controls Fire Protection LP
luiscarlos.delacruz.castro@jci.com

# Mailing Information for Case 21-18563-EPK

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Jacqueline Calderin**    calderintrustee@gmail.com, jcalderin@ecf.axosfs.com;calderintrustee@ecf.inforuptcy.com;jc01@trustesolutions.net
- **Jacqueline Calderin**    jc@agentislaw.com, bankruptcy@agentislaw.com;nsocorro@agentislaw.com
- **Robert P. Charbonneau**    rpc@agentislaw.com, nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com
- **Jesse R Cloyd**    jrc@agentislaw.com, bankruptcy@agentislaw.com;nsocorro@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com
- **Dale A Evans**    dale.evans@lockelord.com, tina.sullivan@lockelord.com
- **Heidi A Feinman**    Heidi.A.Feinman@usdoj.gov
- **Daniel R Fogarty**    dfogarty.ecf@srbp.com
- **Jerry M Markowitz**    jmarkowitz@mrthlaw.com, ycandia@mrthlaw.com,rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,markowitzjr73991@notify.bestcase.com,jmarkowitz@ecf.courtdrive.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Harley E. Riedel**    hriedel.ecf@srbp.com
- **Andrew D. Zaron**    azaron@leoncosgrove.com, eperez@leoncosgrove.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Robert J. Dehney**
Morris, Nichols, Arsht & Tunnell, LLP
1201 N Market St 16 Flr
Wilmington, DE 19899-1347

**Soneet Kapila**
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

**Robert E. Richards**
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361

**Paige N. Topper**
Morris, Nicholas, Arsht & Tunnell LLP
1201 N Market St, 16 Flr
POB 1347
Wilmington, DE 19899-1347

[Creditor List](#)

Click the link above to produce a complete list of **creditors** only.

[List of Creditors](#)

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.